UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL SANCHEZ PENZO,

        Petitioner,

    v.

WARDEN, FLORIDA SOFT
SOUTH DETENTION CENTER,
ATTORNEY GENERAL OF THE
UNITED STATES,

        Respondents.

Case No. 2:26-cv-1584-KCD-NPM

## ORDER

Petitioner Manuel Sanchez Penzo has filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] As best the Court can tell, he claims that his continued detention violates the Fifth Amendment. (*Id.* at 7-8.) Respondents oppose the petition. (Doc. 3.) For the reasons below, the petition is **DENIED**.

### I. Background

Penzo is a citizen of the Dominican Republic who was paroled into the United States nearly twenty years ago. (Doc. 3 at 2.) He was ordered removed in abstentia in 2007. When the removal did not come to fruition, Penzo was

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

placed on supervision. That status recently ended as well, and Penzo has been in immigration custody since December 31, 2025.

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious

constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 679 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Penzo cannot satisfy the initial temporal requirement. ICE took him into custody on December 31, 2025. Because he has been detained for less than six months, he remains within the window in which his detention is presumptively reasonable. Seemingly recognizing this impediment, his petition jumps to the burden-shifting framework, arguing that his removal is not likely. (Doc. 1-1 at 1.) But this argument puts the cart before the horse. Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g.,*

3

*Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Penzo attempts another workaround. He points to earlier periods of detention, seemingly arguing that the Court should aggregate his past and present stints in ICE custody. (Doc. 1-1 at 1.) By combining these distinct periods of confinement, Penzo contends that his total time in civil immigration detention exceeds the six-month threshold, which he asserts is sufficient to trigger *Zadvydas* review. This Court has already addressed these arguments and rejected them for the same reasons they fail today. *See Rodriguez v. U.S. Immigr. and Customs Enf't*, No. 2:26-CV-1043-KCD-DNF, 2026 WL 1156079, at *2-3 (M.D. Fla. Apr. 29, 2026).

As the Supreme Court has long recognized, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. So the executive branch gets a presumptively reasonable six-month runway to do its job, negotiate with foreign governments, and execute a final removal order. *Zadvydas*, 533 U.S. at 701. Because Penzo remains inside that window, his current custody does

not cross the line into the kind of indefinite, arbitrary lockup the Fifth Amendment forbids. Until that clock actually runs out, the Government retains the constitutional authority to hold him.

The habeas petition (Doc. 1) is **DENIED WITHOUT PREJUDICE** to Penzo refiling a new petition should his current detention exceed six months and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on June 8, 2026.

Kyle C. Dudek
United States District Judge

5